**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS GUILLERMO MARTINEZ-
SANCHEZ,

Defendant-Appellant.

No.    15-50088

D.C. No.
3:14-cr-01068-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted August 1, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and WHYTE,[**] District
Judge.

Luis Martinez-Sanchez ("Martinez"), a citizen and national of Mexico, appeals

the district court's denial of his motion to dismiss an indictment charging him,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ronald M. Whyte, United States District Judge for the
Northern District of California, sitting by designation.

pursuant to 8 U.S.C. § 1326, with illegal reentry after deportation. Martinez brings a collateral attack against the predicate removal order, alleging that he was denied due process when he was not given a meaningful opportunity to apply for voluntary departure. Martinez claims that this error was prejudicial, and that the removal order therefore cannot serve as the basis for the § 1326 charge.

The district court denied Martinez's motion to dismiss, concluding both that Martinez failed to demonstrate a due process violation and that he was not prejudiced by any alleged error. Martinez subsequently pled guilty pursuant to a written conditional plea agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's decision. Because we hold that the district court did not err in finding that Martinez cannot demonstrate prejudice, we need not address the merits of his due process claims.

1. In order to establish prejudice as the result of a due process violation under § 1326, the defendant must be able to show that "in light of the factors relevant to the form of relief being sought, and based on the unique circumstances of [the alien's] own case, it was plausible (not merely conceivable) that the immigration judge ("IJ") would have exercised his discretion in the alien's favor." *United States v. Barajas–Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011) (alteration in original) (internal quotation marks omitted). Examining the favorable and unfavorable factors

2

relevant to a discretionary grant of pre-conclusion voluntary departure, we agree with the district court that Martinez cannot show that he would have plausibly been granted relief.

2. At the time of his removal hearing, Martinez possessed negligible positive equities—he had no immediate family in the United States, no long-term U.S. residence, and no humanitarian claims. With respect to his negative equities, Martinez had entered the United States illegally ten times in the year prior to his 2006 hearing, and there was persuasive evidence before the IJ that he was involved in smuggling noncitizens across the U.S.–Mexico border. While Martinez claims that his eighteen-month residency in the United States, alleged work history, relationship with a woman he believed to be a lawful permanent resident (LPR), and lack of a criminal record weigh in his favor, these considerations are inadequate to demonstrate prejudice.[1] In determining whether relief was plausible, we focus not on "general statistics," but on whether "aliens with similar circumstances received relief." *United States v. Rojas–Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013). Here, Martinez cannot cite to,

---

[1] Although long-term residence in the United States is a positive equity for the purposes of granting voluntary departure, *see Rojas–Pedroza*, 716 F.3d at 1264-65, we can find no support for Martinez's claim that an alleged eighteen-month stay is lengthy enough to count in his favor. Similarly, while family ties to the United States are considered when granting voluntary departure, *id.*, there is no precedent suggesting that a claim of a dating relationship with an individual believed to be an LPR is relevant to such relief.

nor can we find, a case in which voluntary departure was granted to a noncitizen so lacking in positive equities.[2] Martinez is therefore unable to demonstrate prejudice, and cannot establish that the entry of the predicate order was "fundamentally unfair" under § 1326(d)(3). Accordingly, Martinez's collateral attack on the removal order fails, and the decision of the district court is **AFFIRMED.**

---

[2] While Martinez claims that noncitizens with "far worse circumstances" have been granted voluntary departure, the cases upon which he relies are inapposite, as they all involve defendants with strong positive equities. *See, e.g.*, *Campos-Granillo v. INS*, 12 F.3d 849 (9th Cir. 1993) (remanding to consider voluntary departure in light of the defendant's ten years of U.S. residence and the presence of his family in the United States); *In re Sanabria-Dominguez*, 2010 WL 2601495 (BIA May 25, 2010) (unpublished) (granting voluntary departure in light of defendant's U.S. citizen wife and child, as well as humanitarian factors); *In re Gonzales-Figueroa*, 2006 WL 729784 (BIA Feb. 10, 2006) (unpublished) (granting voluntary departure in light of defendant's U.S. citizen sibling and mother who was a legal permanent resident).